# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DONALD VAUGHN *

Plaintiff *

v * Civil Action No. CCB-19-184

WARDEN DENISE A. GELSINGER, *
CO II T.A. WILLIAMS,
ROXBURY CORRECTIONAL *
 INSTITUTION
 *
Defendants

***

## MEMORANDUM

The above-entitled action was filed by Plaintiff Donald Vaughn on January 18, 2019, together with a Motion to Proceed in Forma Pauperis. The motion shall be granted for purposes of this case only.

Vaughn, a prisoner confined at Western Correctional Institution (WCI) is suing Warden Gelsinger and Officer Williams who are both employed at Roxbury Correctional Institution (RCI). Vaughn asserts in his complaint that on February 2, 2018, his personal property was confiscated by incompetent staff due to a typographical error. ECF No. 1 at p. 2. Although he adds that he was assaulted by Officers Zenner, Hutzler and Strawderman on the same day, he does not name them as defendants and the only relief he seeks is to be compensated for his lost wages and lost personal property. *Id.* at pp. 2-3.

Vaughn filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §

1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-723 (4th Cir. 1989).

In addition, this court is obliged by 28 U.S.C. § 1915A(b) to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White* 886 F.2d at 722-23. Further, under the provisions of 28 U.S.C. § 1915(e)(2) a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Application of these standards to Vaughn's complaint requires its dismissal as frivolous. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access

to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 540 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, assuming Vaughn's personal property was improperly destroyed or confiscated as he alleges, such a claim does not rise to a constitutional violation.[3] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995).

Vaughn is hereby notified that pursuant to 28 U.S.C. § 1915(g) he may be barred from filing future civil lawsuits in forma pauperis during his incarceration if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted. Under that provision, a prisoner will not be granted in forma pauperis status if he or she has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1] Vaughn may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

[3] In rejecting a prisoner's Fourth Amendment claim to an expectation of privacy in his cell, the Supreme Court stated that denying such a claim did not "mean that [a prisoner] is without a remedy for calculated harassment unrelated to prison needs. Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.' By the same token, there are adequate state tort and common-law remedies available to respondent to redress the alleged destruction of his personal property." *Hudson*, 486 U.S. at 530-31, 104 S.Ct. at 3202.

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A separate order dismissing the complaint and directing the Clerk to mark this case with a "strike" follows.

1/29/19
Date

CCB
Catherine C. Blake
United States District Judge